NEW YORK & NEW BRUNSWICK AUTO EXPRESS CO., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. MASSACHUSETTS BONDING AND INSURANCE COMPANY, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided May 5, 1961.

**402**

Messrs. Hannoch, Weisman, Myers, Stern & Besser, attorneys for plaintiff (Mr. Irwin I. Kimmelman, on the brief).

Mr. Paul J. O'Neill, attorney for defendant.

COLIE, J. S. C. This case was submitted on a stipulation of facts and briefs. The facts summarized are that on June 25, 1956 New York & New Brunswick Auto Express Co. (New York & New Brunswick) was a motor carrier engaged in transportation of goods in interstate commerce. On that date Massachusetts Bonding and Insurance Company (Massachusetts) issued a policy to it. On February 27, 1957, while the policy was in effect, New York & New Brunswick received in trailer exchange a semitrailer owned by Lancaster Transportation Company (Lancaster) which was delivered to plaintiff at the Lancaster terminal in Philadelphia. Simultaneously, plaintiff delivered an empty trailer to Lancaster. On March 6, 1957 the semitrailer owned by Lancaster, while in the possession of plaintiff, was destroyed by fire. Thereafter, Lancaster made a claim against New York & New Brunswick for damages and the latter called upon Massachusetts to defend under its policy.

Lancaster instituted suit against New York & New Brunswick in the Court of Common Pleas, Lancaster County, Pennsylvania, on two theories—(1) trespass (negligence) and, (2) *assumpsit* (usage and custom). Massachusetts handled the case and ultimately a judgment was entered in favor of Lancaster against New York & New Brunswick for $3,250, the basis of the court's judgment being that there existed a custom and usage which imposed liability

upon the present plaintiff in this suit. At this point Massachusetts declined to take part, alleging that there was no coverage so far as New York & New Brunswick was concerned. When Massachusetts took this attitude, its insured, New York & New Brunswick, prosecuted an appeal to the Superior Court of Pennsylvania where the judgment against it was affirmed. It then paid the judgment with interest and costs, and the present suit was instituted by it to recover from Massachusetts the amount of the judgment and the expenses in connection therewith, totalling $4,684.94. The stipulation of facts in this case states that the Pennsylvania courts found that plaintiff's action was based upon a custom of the trade which imposed liability upon New York & New Brunswick, which custom was widespread and notorious. Counsel have agreed that the question presently for decision is whether the loss sustained by New York & New Brunswick as found in the Pennsylvania action is "a liability assumed by the named insured under any contract or agreement" as set forth in exclusion 3(B) or whether the loss sustained by the plaintiff is a sum which it became obligated to pay by reason of its legal liability for the destruction of or damage or loss to vehicles owned by others in its care, as defined in paragraph 1(A) of endorsement 2 of the policy.

Paragraph 1(A) of endorsement 2 reads as follows:

"To pay on behalf of the named insured all sums which the named insured shall become obligated to pay by reason of the named insureds legal liability for destruction of or damage or loss to vehicles owned by others in the care, custody and/or control of the named insured occurring during the policy period and caused by fire, arising from any cause whatsoever, and lightning; the stranding, sinking, burning, collision or derailment of any conveyance in or upon which the insured vehicles are being transported on land or water, including general average and salvage charges for which the named insured is legally liable, only while said vehicles are within the continental limits of the United States and Canada, including while on vessels between ports within said limits."

When the loss occurred, the relationship constituted a bailment. The Pennsylvania courts predicated the original

judgment and its affirmance upon a finding of the existence of a usage and custom in the trade which imposed liability upon the carrier having physical possession of the trailer up to the time of its return to the other carrier party to the interchange. *Lancaster Transportation Co. v. New York & New Brunswick Auto Express Co.*, 187 *Pa. Super.* 621, 146 *A. 2d* 150 (*Super. Ct.* 1958).

Defendant's argument is predicated on paragraph 3 of endorsement 2 which reads as follows:

"3. Exclusions: This endorsement does not apply:
(A) To loss or damage to any vehicles owned by the named insured.
(B) To liability assumed by the named insured under any contract or agreement;
(C) To loss of use or any other direct loss."

Massachusetts urges that under 3(B) the plaintiff in this suit is barred from recovery because it had assumed a liability under a contract or agreement. It says that if the exclusion of 3(B) is meaningless, as the plaintiff herein argues, the result would be that endorsement 1(A) would in effect become a contract or guaranty against damage to a bailed vehicle, and that such was not the intent of the parties; and, to buttress that argument, it points up that the liability limitation of $10,000 for a single vehicle and of $100,000 for any one loss is indicative of the conclusion that the parties did not intend such broad coverage as the plaintiff herein urges. This argument loses weight on examination of the endorsement which discloses that while the minimum premium is $25 for a period of coverage, that minimum premium is flexible, as demonstrated by paragraph 4 of endorsement 2, as follows:

"4. *Premium:*
The above named insured agrees to maintain a complete record of all vehicles in the care, custody and control of the insured, during the policy period, the premium will be determined by audit at expiration based upon a rate of 50% of the applicable fire rate at the inception of the policy."

This court interprets paragraphs 4 and 5 to mean that at the expiration of the policy period there may be an adjustment of the premium upward if an audit discloses facts justifying the same.

The defendant herein further argues that because there had been in 1954 or 1955 an agreement between Lancaster and plaintiff by which the respective owners of a vehicle in interchange would pay the bills for repairs, etc., to its own vehicles and thereafter the custom and usage of the trade took the place of such agreement, that this change constituted the entering into an agreement or contract within the meaning of the exclusion. This argument is untenable because the words "any contract or agreement" cannot be extended to include "custom and usage." Had the parties contemplated such, it would have been a simple matter to have said so. In the absence thereof, the rule that insurance contracts are to be liberally construed in favor of the policy holder and strictly construed against the insurer and the corollary rule that where it is possible to adopt either of two reasonable interpretations, courts will adopt the construction or interpretation which permits recovery as against the construction or interpretation that would deny coverage, is applicable. Where uncertainty or ambiguity exists, the court must be guided by the apparent object and purpose of the insurance. The language of paragraph 1(A) of endorsement 2 is a broad coverage which cannot be whittled away either by engrafting on or by reading into the phrase "under any contract or agreement" an additional and unspecified extension to include "custom and usage." *Cf. Boswell v. Travelers Indemnity Co.*, 38 *N. J. Super.* 599 (*App. Div.* 1956), and *Reese Cadillac Corp. v. Glens Falls Ins. Co.*, 59 *N. J. Super.* 118 (*App. Div.* 1960).

The defendant herein is therefore liable for the judgment rendered against its insured, together with interest and costs to the stipulated sum of $3,622.24. The court further concludes that the plaintiff is not entitled to recover for those expenses incidental to the appeal it decided to take.